UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JAMES CROSBY,

        Plaintiff,

-vs-                                        Case No.  5:07-cv-171-Oc-10GRJ

TATE & KIRLIN ASSOCIATES, INC., LVNV
FUNDING, LLC, MARK BREWER, JOHN
OR JANE SMITHS, One or More,

        Defendants.
_____

## O R D E R

This case is before the Court for consideration of Defendant LVNV Funding, LLC's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 4). The Plaintiff has not responded to the motion to dismiss, and the time for doing so has elapsed. The motion is ripe for review and is due to granted.

### Background and Facts

On April 27, 2007, the Plaintiff filed a Complaint in which he purported to allege three claims, each based upon both the Fair Debt Collection Practices Act "(FDCPA") and the Florida Consumer Collections Practices Act ("FCCPA"). Paragraphs 5, 12, and 13 of the Complaint are the only ones that specifically mention Defendant LVNV Funding, LLC ("LVNV"). In those paragraphs, the Plaintiff makes the following allegations:

> 5. Defendant LVNV Funding, LLC is a Delaware limited liability corporation and is a "debt collector" as defined by the FDCPA and/or a person subject to the FCCPA.

> 12. Defendant LVNV Funding, LLC purchased plaintiff's alleged debt at some point prior to January 16, 2006.
>
> 13. Defendant LVNV Funding, LLC hired Defendant Tate & Kirlin Associates to collect the alleged debt from the plaintiff.

Complaint at ¶¶ 5, 12-13 (Doc.1). The Complaint contains additional allegations of specific conduct by the named defendants other than LVNV. Indeed, in the first two claims for relief in the Complaint the Plaintiff purported to state claims against Defendant Tate & Kirlin Associates, Inc. ("Tate") and Defendant Mark Brewer for the violation of specific provisions of the FDCPA and FCCPA based upon letters sent to the Plaintiff by those defendants. The third claim for relief, however, is alleged generally against the "Defendants." In the third claim for relief, which consists entirely of the following two paragraphs, the Plaintiff purported to allege a claim for conspiracy:

> Defendants, from an unknown date but no earlier than January 1st, 2000, did, in Sumter County in the Middle District of Florida, willfully, knowingly, and intentionally conspire and agree with each other and with other persons both known and unknown to the plaintiff at this time, to create and establish consumer debts, where eventual violations of the provisions of the FDCPA and FCCPA in connection with collecting such debts were reasonably foreseeable.
>
> As a result thereof, defendants are liable to the Plaintiff for actual damages, statutory damages or [sic] $1,000 per defendant under the FDCPA, statutory damages of $1,000 per defendant under the FCCPA, and punitive damages pursuant to the FCCPA, together with attorney's fees and costs.

Complaint at ¶¶ 39-40 (Doc.1).

LVNV has now moved to dismiss the third claim for relief to the extent that it purports to state a claim against LVNV. Tate did not file a motion to dismiss, but instead has answered the Complaint and asserted numerous affirmative defenses. Defendant Mark

Brewer has neither moved to dismiss nor answered the Complaint. Further, although the Plaintiff has filed a reply to Tate's affirmative defenses, the Plaintiff has not responded to the motion to dismiss now before the Court.

## Motion to Dismiss Standard

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate." Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv., 400 F.2d 465, 471 (5th Cir. 1968). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, all that is required is that the claimant set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). As such, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [a claimant's] obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, – U.S. –, 127 S. Ct. 1955, 1964-65 (May 21, 2007) (citations omitted). "Factual allegations must be enough to raise [the claimant's] right to relief above the speculative label on the assumption that all of the complaint's allegations are true." Id. at 1965 (citations omitted).

## Discussion

LVNV moves to dismiss pursuant to Rule 12(b)(6) on the ground that the third claim for relief fails to state a claim because its allegations are both legally and factually deficient. First, LVNV asserts that neither 15 U.S.C. § 1692 nor Florida Statutes section 559 provide a private party with an avenue for relief for a purported conspiracy to create and establish a consumer debt where eventual violations of the FDCPA or FCCPA in connection with collecting such debts are foreseeable. Second, LVNV asserts that other than the conclusory allegation that it engaged in a conspiracy, the Plaintiff failed to allege any particular conduct by LVNV in furtherance of a conspiracy to violate either the FDCPA or FCCPA and, thus, it is impossible for LVNV to frame a response to the Complaint.

Although LVNV is correct that the legal basis underpinning the Plaintiff's third claim for relief is unclear, the Court need not address the question of that claim's legal sufficiency. Instead, LVNV's motion to dismiss is due to be granted because even assuming that the Plaintiff can rely upon a civil conspiracy theory in this context, the Complaint is completely bereft of any factual allegation that LVNV participated in a such a conspiracy. In the third claim for relief, the Plaintiff made a single, undifferentiated allegation that the "defendants" conspired "to create and establish consumer debts, where eventual violations of the provisions of the FDCPA and FCCPA in connection with collecting such debts were reasonably foreseeable." However, the Plaintiff made no allegation as to LVNV's role in the alleged conspiracy. Thus, the Plaintiff provides LVNV

no notice of the grounds upon which the purported claim for civil conspiracy rests - the Plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions." Bell Atlantic Corp. v. Twombly, – U.S. –, 127 S. Ct. 1955, 1964-65 (May 21, 2007). Indeed, the conclusory allegation of a conspiracy against LVNV is truly speculative.

Further, because the Court finds that the only claim for relief against LVNV did not state a claim for which relief can be granted against that defendant, the motion to dismiss (Doc. 4) is GRANTED and the Complaint is DISMISSED as to LVNV. The Plaintiff may have 20 (twenty) days within which to file an amended complaint, if he wishes to do so, failing which the Clerk is instructed to enter judgment, without further notice, in favor of LVNV dismissing the action as to it with prejudice.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 12th day of July, 2007.

_____
UNITED STATES DISTRICT JUDGE


Copies to:   Counsel of Record